UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAY FRANK FISHER,

          Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS,

          Defendant.

CASE NO. C24-5356 BHS

ORDER

THIS MATTER is before the Court on its own 28 U.S.C. § 1915(e)(2)(B) motion. Magistrate Judge Fricke has granted pro se plaintiff Jay Frank Fisher *in forma pauperis* status based on her indigency, but did not screen Fisher's complaint. Dkt. 3.

The complaint is handwritten and difficult to read. She alleges that she is a male to female pre-operative transexual who has been "on HRT" since 2006. She asserts an Eighth Amendment claim, alleging defendant Washington State Department of Corrections (DOC) subjected her to "a multitude of unreasonable sanctions and downright illegal prosecution and confinement circumstances." Dkt. 4 at 5. She seeks $35,000,000 plus $2,000,000 for prolonged suffering, the vacation of the remainder of her sentence, and restoration of her right to bear arms. *Id.*

ORDER - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

Judge Fricke has already determined that Fisher cannot afford the filing fee. Dkt. 3.

In addition, however, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

An *in forma pauperis* complaint is frivolous if it has no arguable substance in law or fact. *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A pro se Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Fisher has not pled a plausible claim. She has not alleged a single fact in support of her conclusory claim that the DOC violated her constitutional rights. Fisher is **ORDERED** to **SHOW CAUSE** why the court should not revoke her *in forma pauperis* status and dismiss this action for failure to state a plausible claim. She may do so by filing an amended complaint including factual, "who what when where why and how," allegations stating a plausible claim as described above. She should do so within 21 days. If she does not, the case will be dismissed without further notice.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3